GARY E. STOUT AND PATTI J. STOUT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stout v. Commissioner
Docket No. 13198-83.
United States Tax Court
T.C. Memo 1984-492; 1984 Tax Ct. Memo LEXIS 180; 48 T.C.M. (CCH) 1124; T.C.M. (RIA) 84492; September 13, 1984. Gary E. Stout, pro se. Kenneth Burns, for the respondent. DRENNEN MEMORANDUM OPINION DRENNEN, Judge: This matter is before the Court on respondent's motion for summary judgment, made orally at trial on June 6, 1984. By notice of deficiency dated February 24, 1983, respondent determined the following deficiencies in and additions to petitioners' Federal income tax: Additions to Tax
Taxable Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
1979
$18,701.00
$943.90
$1,103.90
1980
13,191.89
659.59
*181 Petitioners resided in Nevada at the time they filed their petition herein. During 1979 and 1980, petitioner Gary Stout was engaged in a business involving the sale of real estate. During 1980, petitioner Patti Stout was engaged in a business involving the sale of real estate, and also was employed by Vogue Cleaners. During both years, petitioners held rental property from which they reported net losses. Petitioners filed joint Federal income tax returns for 1979 and 1980. On their 1979 return, petitioners reported business income of $45,430. The deficiency for 1979 is attributable to respondent's disallowance of various Schedule C business expenses, a farm loss, various itemized deductions, and two exemptions for dependents. On their 1980 return, petitioners reported business income of $16,051 and wages of $6,661. On line 21 of their Form 1040, petitioners claimed a negative adjustment to income in the amount of $48,372 for "non-taxable income"; no explanation of this item was given. The deficiency for 1980 is attributable to respondent's disallowance of that adjustment, as well as his disallowance of various Schedule C business expenses, a farm loss, a rental *182 loss, various itemized deductions, and one exemption for a dependent. The petition does not contain any specific assignments of error, but merely states: We have presented our arguments relating to the taxation of income, etc. However, we have also tried to present documentation regarding the claimed deductions. All to no avail. We have had all deductions disallowed. This is wrong even if we cannot prove anything else. We have not been granted an Appeal Hearing, either. This proceeding was called for trial on June 6, 1984 in Las Vegas. At that time, petitioner Gary Stout appeared and advised the Court that he and Patti were divorced since the time they filed the petition herein, and that he was authorized to represent Patti. We shall hereinafter refer to Gary as petitioner. Contrary to the statement in the petition, petitioner has made no effort to cooperate with respondent, and has provided no documents or receipts to substantiate any of the items in dispute. Apart from the pleadings, petitioner's only communication with respondent consisted of interrogatories of a "tax protest" nature which he mailed to respondent. Petitioner obtained the interrogatories *183 and other "tax protest" materials from a Mr. Pelletier, who purportedly "represented" petitioner before respondent's appeals officers. [2]
At the time this proceeding was called for trial, petitioner advised the Court that he did not intend to provide any evidence substantiating the items in dispute, but would rely wholly on constitutional arguments such as the contention that compensation for personal services does not constitute taxable income. Petitioner adhered to this position despite our warning to him that his failure to provide any evidence concerning the items in dispute likely would result in a decision for respondent for the full amounts of the deficiencies. We also cautioned petitioner that we would consider imposing damages under section 6673 in light of his frivolous constitutional arguments. When it became clear that petitioner would not proffer any evidence, counsel *184 for respondent moved for summary judgment for the full amount of the deficiencies and additions to tax. After explaining to petitioner the meaning and procedure of summary judgment, we agreed to hear argument on respondent's motion. The parties agreed that the only issue was whether compensation for personal services constitutes taxable income, and we thereupon heard argument solely on that legal issue. Petitioner asked permission to file a written brief rather than state his arguments orally. We granted permission to petitioner of file a brief outlining his argument, and took respondent's motion for summary judgment under advisement. The "brief" petitioner submitted is nothing more than a voluminous assemblage of "tax protest" materials, containing no facts or arguments relevant to the instant proceeding. Rule 121 [3] provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered if the record shows that "there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." *185 A motion for summary judgment is proper and will be granted where no facts have been pleaded showing a genuine issue for trial. , affg. an unreported decision of this Court; ; . Petitioner's obstinacy in adhering to his misguided tax protest arguments, rather than attempting to substantiate the items in dispute, leaves no issue of material fact in this proceeding, and we have no alternative but to grant respondent's motion for the full amount of the deficiencies and additions to tax herein. Petitioner's frivolous argument that compensation for services is not taxable income has been rejected repeatedly by this Court, and merits no further discussion. See, e.g., ; . Nor has petitioner presented any facts showing that the underpayments in question were not due to negligence or the *186 intentional disregard of rules and regulations within the meaning of section 6653(a), an issue on which he bears the burden of proof. ; Rule 142(a). Indeed, petitioner's complete reliance on frivolous and thoroughly discredited tax protest arguments renders the imposition of this addition to tax a foregone conclusion. See ;; . In the notice of deficiency respondent determined that petitioner's return for 1979 was not timely filed and that failure to file on time was not due to reasonable cause. Petitioner, who has the burden of proof on this issue, did not specifically claim error in this determination in his petition and offered no evidence with respect thereto. Respondent's determination on the addition to tax under section 6651(a) for 1979 is therefore sustained. Respondent's motion for summary judgment will be granted in every respect. Finally, we must consider whether to award damages to the United States under section 6673. [4] *187 Respondent did not press his request for damages in connection with his motion for summary judgment. We observe that at the time he filed his 1979 return, petitioner demonstrated no inclination to protest the payment of tax. Sometime later, petitioner apparently encountered Pelletier, who we think influenced him to engage in tax protest activity and misled him in regard to the possible consequences of such activity. Under the particular circumstances of this case we will not award damages. However, we advise petitioner that further continuation of such activity will probably result in section 6673 damages being awarded. *188 An appropriate order and decision will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. We became aware during the Las Vegas trial session that Mr. Pelletier, who is not an attorney, has orchestrated the activities of a large number of tax protesters in the Las Vegas area and has repeatedly attempted to represent such taxpayers before the Internal Revenue Service and this Court.↩
3. All rule references are to the Tax Court Rules of Practice and Procedure.↩
4. As effective for cases commenced in this Court after December 31, 1982, sec. 6673 provides: SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩